IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Monecia R. Smith, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 23-CV-00231-DGK |
| City of Kansas City, Missouri Board of Police Comm'rs, *et. al*, | ) ) ) ) | |
| Defendants. | ) | |

**<u>The Board, Chief Graves, Thompson's Answer to Plaintiff's Amended Complaint</u>**

Defendants Kansas City, Missouri, Board of Police Commissioners, through its members, Chief Stacey Graves[1], and Major Kari Thompson submit this Answer to Plaintiff's Amended Complaint (Doc. No. 1-2).

1. Regarding paragraph 1, Defendants admit that Plaintiff attempts to bring a civil rights action; they deny that she viable cause of action.

2. Regarding paragraph 2, Defendants admit Plaintiff bases her lawsuit on the January 2020 execution of a search warrant signed by Judge S. Margene Burnett. As to the remaining averments, Defendants are without information and knowledge sufficient to form a belief of the truth of the averments in paragraph 2, and therefore, are unable to answer. To the extent an answer is required, they deny the same.

3. Defendants deny the averments in paragraph 3.

---

[1] Plaintiff named as a defendant, former Police Chief Rick Smith in his official capacity only. (Amended Complaint, ¶8). Under Federal Rule of Civil Procedure 25(d), current Police Chief Stacey Graves is automatically substituted in his place. Rick Smith is an improper party.

1

4. The averments in paragraphs 4 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

5. The averments in paragraphs 5 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

6. Defendants Board, Chief Graves, and Major Thompson are without information and knowledge sufficient to form a belief about the truth of the averments in paragraph 6, and therefore, are unable to answer. To the extent an answer is required, they deny the same.

7. Regarding paragraph 7, Defendants admit that Mark Tolbert, Cathy Dean, Dawn Cramer, and Quinton Lucas are members of the Kansas City, Missouri, Board of Police Commissioners; they further admit that Lucas is the elected mayor of Kansas City, Missouri. Furthermore, that the Board members are sued in their official capacity is a legal conclusion, requiring no answer. As to the remaining averments, Defendants deny each of the remaining averments in paragraph 7.

8. That Plaintiff attempts to sue Chief Graves and former Chief Smith in their official capacity is a legal conclusion requiring no answer. As to the remaining averments in paragraph 8, Defendants deny each of the remaining averments as stated in paragraph 8.

9. Defendants are without information or knowledge sufficient to form a belief of the truth of the averments contained in paragraph 9, and therefore, are unable to answer; to the extent an answer is required, they deny the same.

10. The averments in paragraph 10 are legal conclusions requiring no answer; to the extent an answer is required, Defendants deny the same.

11. Regarding paragraph 11, that Plaintiff attempts to sue officers, servants, employees of

KCPD who went to her residence on Jan. 13, 2020 and Jan. 13, 2022 in their official and individual capacity is a legal conclusion requiring no answer; to the extent an answer is required, Defendants deny the same.

12. That Plaintiff attempts to sue Byrd and TMC in their official capacity only is a legal conclusion requiring no answer. As to the remaining averments in paragraph 12, Defendants deny each of the remaining averments as stated in paragraph 12.

13. Defendants are without information or knowledge sufficient to form a belief about the truth of the averments in paragraphs 13 through 25, and thus are unable to answer; to the extent an answer is required, they deny the same.

14. Defendants deny the averments in paragraph 26.

**Count I: §1983 Excessive Force**

15. Defendant Major Thompson incorporates by reference all preceding paragraphs of this answer as though fully stated herein. Count I does not pertain to Defendants Board and Chief Graves, and thus no answer is required from them. To the extent an answer is required, they incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

16. Defendant Major Thompson denies the averments in paragraphs 28 through 32. Count I does not pertain to Defendants Board and Chief Graves, and thus no answer is required from them. To the extent an answer is required, they deny all averments in paragraphs 28 through 32.

**Count II: §1983 Unlawful Entry**

17. Defendant Thompson incorporates by reference all preceding paragraphs of this answer as though fully stated herein. Count II does not pertain to Defendants Board and Chief Graves,

3

and thus no answer is required from them. To the extent an answer is required, they incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

18. Defendant Thompson denies the averments in paragraphs 34 through 38. Count II does not pertain to Defendants Board and Chief Graves, and thus no answer is required from them. To the extent an answer is required, they deny all averments in paragraphs 34 through 38.

**Count III: §1983 Failure to Protect**

19. Defendants incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

20. Defendants deny the averments in paragraphs 40 through 46, including all subparts of paragraph 43.

**Count IV: §1983 Conspiracy**

21. Count IV does not pertain to Defendants; therefore, no answer is required. To the extent an answer is required, Defendants incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

22. Count IV does not pertain to Defendants; therefore, no answer is required. To the extent an answer is required, Defendants deny the averments in paragraphs 48 through 52, including all subparts of paragraph 50.

**Count V: Abuse of Process**

23. Defendant Thompson incorporates by reference all preceding paragraphs of this answer as though fully stated herein. Count V does not pertain to Defendants Board and Chief Graves, and thus no answer is required from them. To the extent an answer is required, they

incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

24. Defendant Thompson denies the averments in paragraphs 54 through 57, including all subparts of paragraph 54. Count V does not pertain to Defendants Board and Chief Graves, and thus no answer is required from them. To the extent an answer is required, they deny all averments in paragraphs 54 through 57, including all subparts of paragraph 54.

**Count VI: Abuse of Process**

25. Count VI does not pertain to Defendant Thompson; therefore, no answer is required from her. To the extent an answer is required, Defendant Thompson incorporates by reference all preceding paragraphs of this answer as though fully set forth herein. Defendants Board and Chief Graves incorporate by reference all preceding paragraphs of this answer as though fully set forth herein.

26. Count VI does not pertain to Defendant Thompson; therefore, no answer is required from her. To the extent an answer is required, Defendant Thompson denies each and every averment in paragraphs 59 through 62, including all subparts in paragraph 59. Defendants Board and Chief Graves deny each and every averment in paragraphs 59 through 62, including all subparts in paragraph 59.

**Count VII: Abuse of Process**

27. Count VII does not pertain to Defendants; therefore, no answer is required. To the extent an answer is required, Defendants incorporate by reference all preceding paragraphs of this answer as though fully stated herein.

28. Count VII does not pertain to Defendants; therefore, no answer is required. To the extent an answer is required, Defendants deny each and every averment in paragraphs 64 through 67, including all subparts in paragraph 64.

## AFFIRMATIVE DEFENSES

29. Plaintiff's Section 1983 claims against Defendant Thompson in her individual capacity are barred by qualified immunity.

30. Plaintiff's Section 1983 claims against Defendants Thompson in her official capacity, the Board, and Chief Graves in her official capacity are barred by 11th Amendment immunity.

31. Plaintiff's state law claims against Defendants Board, and Thompson and Chief Graves in their official capacity are barred by sovereign immunity.

32. Plaintiff's state law claims against Defendant Thompson in her individual capacity are barred by official immunity.

33. Plaintiff fails to state an excessive force claim and wrongful entry claim against Defendant Thompson upon which relief may be granted, because Defendant Thompson does not have the requisite personal involvement and/or direct responsibility necessary for the viability of such claims.

34. Plaintiff fails to state a failure to protect claim against Defendants Board, Chief Graves, and Thompson upon which relief may be granted, because they do not have the requisite personal involvement and/or direct responsibility necessary for the viability of this claim.

35. Plaintiff fails to state an abuse of process claim against Defendants Board, Chief Graves, and Thompson upon which relief may be granted, because they do not have the requisite personal involvement and/or direct responsibility necessary for the viability of this claim.

36. Plaintiff fails to state any cause of action under the Missouri constitution against

Defendants upon which relief may be granted.

WHEREFORE, based on the foregoing, Defendants Board, Chief Graves, and Major Thompson respectfully requests this action be dismissed against them with prejudice, and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Diane Peters*
Missouri Bar No. 54784
Assistant Attorney General
615 E 13th Street, Ste. 401
Kansas City, Missouri 64106
Phone: (816) 889-5000
Fax: (816) 889-5006
Diane.Peters@ago.mo.gov
Attorneys for Board, Graves, Thompson

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, the foregoing was filed electronically via the Court's ECF system, and by way thereof, served upon all attorneys of record.

/s/ Diane Peters
Assistant Attorney General