IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Monecia R. Smith, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 23-CV-00231-DGK |
| City of Kansas City, Missouri Board of Police Comm'rs, *et. al*, | ) |
|     Defendants. | ) |

### **Price's Answer to Plaintiff's Amended Complaint**

Defendant Detective Hobart Price submits this Answer to Plaintiff's Amended Complaint.

1. Regarding paragraph 1, Defendant admits that Plaintiff attempts to bring a civil rights action; Defendant denies that Plaintiff has any viable causes of action.

2. Regarding paragraph 2, Defendant admits the averments; Defendant denies however he violated Plaintiff's constitutional rights or conducted an abuse of process.

3. Defendant denies the averments in paragraph 3.

4. The averments in paragraphs 4 are legal conclusions requiring no answer; to the extent, an answer is required, Defendant denies the same.

5. The averments in paragraphs 5 are legal conclusions requiring no answer; to the extent, an answer is required, Defendant denies the same.

6. Regarding paragraph 6, Defendant admits on or about January 15, 2020, Plaintiff was residing at 2642 Benton Blvd.; Defendant is without knowledge or information sufficient to form a belief about the truthfulness of the remaining averments, and therefore, is not able to answer. To the extent an answer is required, he denies all remaining averments.

1

7. Regarding paragraph 7, Defendant admits that Mark Tolbert, Cathy Dean, Dawn Cramer, and Quinton Lucas are members of the Kansas City, Missouri, Board of Police Commissioners; he further admits that Lucas is the elected mayor of Kansas City, Missouri. Furthermore, that the Board members are sued in their official capacity is a legal conclusion, requiring no answer. As to the remaining averments, Defendant denies each of the remaining averments in paragraph 7.

8. That Plaintiff attempts to sue Chief Graves and former Chief Smith in their official capacity is a legal conclusion requiring no answer. As to the remaining averments in paragraph 8, Defendant denies each of the remaining averments as stated in paragraph 8.

9. Defendant admits the averments in paragraph 9.

10. The averments in paragraph 10 are legal conclusions requiring no answer; to the extent an answer is required, Defendant denies the same.

11. Regarding paragraph 11, that Plaintiff attempts to sue officers, servants, employees of KCPD who went to her residence on Jan. 13, 2020 and Jan. 13, 2022 in their official and individual capacity is a legal conclusion requiring no answer; to the extent an answer is required, Defendant denies the same.

12. That Plaintiff attempts to sue Byrd and TMC in their official capacity only is a legal conclusion requiring no answer. As to the remaining averments in paragraph 12, Defendant denies each of the remaining averments as stated in paragraph 12.

13. Defendant admits on January 13, 2020, a shooting victim was at 2642 Benton Blvd., Kansas City, Missouri; defendant further admits when no one answered the door, the shooting victim left. For the remaining averments in paragraph 13, defendant is without

information or knowledge sufficient to form a belief about the truth of the averments, and thus is unable to answer; to the extent an answer is required, he denies the same.

14. Regarding paragraph 14, Defendant admits Plaintiff came into contact with him on January 13 or 14, 2020. Defendant denies he "told" Plaintiff he was going with her to get the video. Defendant admits Plaintiff refused access to the video. As to the remaining averments, Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, and therefore, is unable to answer. To the extent an answer is required, he denies all remaining averments.

15. Regarding paragraph 15, Defendant admits that on January 15, 2020, KCPD officers arrived at Plaintiff's residence to execute a search warrant which had been obtained. Defendant further admits Plaintiff was not home when officers arrived, and officers entered her residence by forcing her door open. Defendant denies all remaining averments in paragraph 15.

16. Regarding paragraph 16, Defendant admits Plaintiff arrived at her residence while officers were inside; Defendant is without information or knowledge sufficient to form a belief about the truth of Plaintiff's averments that she found out about that officers were at her house so she returned home, and therefore, Defendant is unable to answer. To the extent an answer is required, Defendant denies this averment. Defendant further denies all remaining averments in paragraph 16.

17. Regarding paragraph 17, Defendant denies Plaintiff had significant damage to her residence; Defendant further denies that the DVR was recovered within four minutes of entry. Defendant is without information or knowledge sufficient to form a belief about the

3

truth of the remaining averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all remaining averments in paragraph 17.

18. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 18.

19. Defendant denies the averments in paragraph 19.

20. Defendant denies the averments in paragraph 20.

21. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 21.

22. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 22.

23. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 23.

24. Defendant admits Plaintiff filed a citizen complaint; as to the remaining averments, Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all remaining averments in paragraph 24.

25. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 25.

26. Defendant is without information or knowledge sufficient to form a belief about the truth of the averments, and is therefore unable to answer. To the extent an answer is required, Defendant denies all averments in paragraph 26.

**Count I: §1983 Excessive Force**

27. Defendant incorporates by reference all preceding paragraphs as though fully stated herein.

28. Defendant denies the averments in paragraphs 28 through 32.

**Count II: §1983 Unlawful Entry**

29. Defendant incorporates by reference all preceding paragraphs as though fully stated herein.

30. Defendant denies the averments in paragraphs 34 through 38.

**Count III: §1983 Failure to Protect**

31. Defendants incorporate by reference all preceding paragraphs though fully stated herein.

32. Defendants deny the averments in paragraphs 40 through 46, including all subparts of paragraph 43.

**Count IV: §1983 Conspiracy**

33. Defendant incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendant denies the averments in paragraphs 48 through 52, including all subparts of paragraph 50.

**Count V: Abuse of Process**

35. Defendant incorporates by reference all preceding paragraphs as though fully stated herein.

36. Defendant denies the averments in paragraphs 54 through 57, including all subparts of paragraph 54.

**Count VI: Abuse of Process**

37. Count VI does not pertain to Defendant; therefore, no answer is required from him. To the extent an answer is required, Defendant incorporates by reference all preceding paragraphs of this answer as though fully set forth herein.

38. Count VI does not pertain to Defendant; therefore, no answer is required from him. To the extent an answer is required, Defendant denies each and every averment in paragraphs 59 through 62, including all subparts in paragraph 59.

**Count VII: Abuse of Process**

39. Defendant incorporates by reference all preceding paragraphs as though fully stated herein.

40. Defendant denies all averments in paragraphs 64 through 67, including all subparts in paragraph 64.

## AFFIRMATIVE DEFENSES

41. Plaintiff's Section 1983 claims against Defendant in his individual capacity are barred by qualified immunity.

42. Plaintiff's Section 1983 claims against Defendant in his official capacity are barred by 11th Amendment immunity.

43. Plaintiff's state law claims against Defendant in his official capacity are barred by sovereign immunity.

44. Plaintiff's state law claims against Defendant in his individual capacity are barred by official immunity.

45. Plaintiff fails to state an excessive force claim, wrongful entry claim, failure to protect claim, conspiracy claim and abuse of process claim against Defendant upon which relief may be granted, because Defendant does not have the requisite personal involvement

and/or direct responsibility necessary for the viability of such claims and because Plaintiff failed to establish the requisite elements of each claim.

46. Plaintiff fails to state any cause of action under the Missouri constitution against Defendant upon which relief may be granted.

WHEREFORE, based on the foregoing, Defendant Price requests this action be dismissed with prejudice, and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Diane Peters*
Missouri Bar No. 54784
Assistant Attorney General
615 E 13th Street, Ste. 401
Kansas City, Missouri 64106
Phone: (816) 889-5000
Fax: (816) 889-5006
Diane.Peters@ago.mo.gov
Attorneys for Price

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, the foregoing was filed electronically via the Court's ECF system, and by way thereof, served upon all attorneys of record.

/s/ Diane Peters
Assistant Attorney General