IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MONECIA SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:23-cv-00231-DGK |
| CITY OF KANSAS CITY, MISSOURI, BOARD OF POLICE COMMISSIONERS, et al., | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT BURNETT'S MOTION TO DISMISS

Now before the Court is Plaintiff's Motion to Remand, ECF No. 10, and Defendant Judge Margene Burnett's Motion to Dismiss Plaintiff's claims against her, ECF No. 8. The Court finds it has subject matter jurisdiction over this case, and so Plaintiff's motion to remand is DENIED. Additionally, the Court finds Defendant Burnett has judicial immunity from suit, and so her motion to dismiss is GRANTED.

## Background

On January 10, 2023, Plaintiff filed her pro se petition[1] against Defendants in the Circuit Court of Jackson County, Missouri. Plaintiff subsequently retained counsel and filed an amended petition in state court on March 1, 2023, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1981, 1983, and 1985, and Article 1, Section 15 of the Missouri Constitution. Two events give rise to Plaintiff's claims: (1) officers arrived at Plaintiff's residence on January 13, 2020, to execute a search warrant for a

---

[1] Although in federal court the initial pleading is called a "complaint" instead of a "petition," because this case was removed from Missouri state court where the initial pleading is called and captioned a petition, the Court uses that term to avoid confusion.

video surveillance system signed by Defendant Burnett; and (2) officers and a social worker conducting a "welfare check" on Plaintiff on January 13, 2022, due to her complaints against the Kansas City Police Department. *See* Am. Pet. at 5–7, ECF No. 1-2. In total, Plaintiff's petition contains Seven Counts against various Defendants to this lawsuit. Plaintiff seeks actual damages, punitive damages, and attorneys' fees.

Regarding Defendant Burnett, Plaintiff brings only one Count of Abuse of Process against her in her official capacity (Count VII). *See id.* at 4, 19–21. As best the Court can tell, Plaintiff is alleging that Defendant Burnett did not have probable cause to sign the subject search warrant.

Plaintiff served her petition on all Defendants in March 2023. Specifically, Plaintiff served Defendant Burnett on March 10, 2023. Defendant Burnett did not file a responsive pleading or otherwise respond to Plaintiff's petition in state court.

On April 7, 2023, Defendant Burnett timely removed to this Court. In her notice of removal, Defendant Burnett stated "[a]ll Defendants consent to removal of this action." Notice of Removal at 3, ECF No. 1.

On April 11, 2023, once in federal court, Defendant Burnett filed a motion to dismiss Plaintiff's claims[2] against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). *See* Mot. to Dismiss. Defendant Burnett argued that since she is a Missouri Circuit Court Judge, this Court lacks jurisdiction under Rule 12(b)(1) to hear any claims against her based on the doctrine of judicial immunity and the Eleventh Amendment's preclusion of suits against states in the federal courts. Further, she argues Plaintiff's claims must be dismissed against her under Rule 12(b)(6) because the petition fails to establish how her alleged actions lead to an award of

---

[2] While Defendant Burnett requests the Court dismiss Plaintiff's claims (plural) against her, as best the Court can tell, Plaintiff only brings one claim against Defendant Burnett. Nonetheless, as explained below, Judge Burnett is entitled to judicial immunity for the abuse of process claim Plaintiff explicitly brings against her and any other claims Plaintiff intended to bring against her in her official capacity for signing the search warrant.

2

damages.³  *Id.* at 1.  Plaintiff did not respond to this motion, nor request an extension of time to do so.

**Standard**

A defendant may remove a case to federal court where the federal court would have had original jurisdiction if the suit had originally been filed there.  *See* 28 U.S.C. § 1441(a).  A district court has original subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, i.e., those involving a question or issue of federal law.  28 U.S.C. § 1331 (federal question jurisdiction); *see Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Additionally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a) (supplemental jurisdiction).

Whether a federal court has subject-matter jurisdiction is determined "at the time of removal."  *Schubert v. Auto Owners Ins.*, 649 F.3d 817, 822 (8th Cir. 2011).  And removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule.  *See Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005).  Usually, a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).  Where there are multiple defendants in a civil action removed under section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

---

³ Because the Court finds Defendant Burnett has judicial immunity from suit, it declines to address this argument.

3
Case 4:23-cv-00231-DGK   Document 26   Filed 06/09/23   Page 3 of 6

"After removal, a plaintiff may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)). The party seeking to invoke a district court's jurisdiction bears the burden of establishing federal jurisdiction. *Id.* "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quotation omitted).

Regarding judicial immunity, "[j]udicial immunity is immunity from suit. It is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self." *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (internal quotation marks omitted). Exceptions to judicial immunity exist where a judge takes action either in an unofficial capacity or "in the complete absence of all jurisdiction." *Id.* (quotation omitted). Notably, however, "[a]llegations of malice or corruption do not defeat judicial immunity." *Id.*

### Discussion

As an initial matter, Plaintiff's motion to remand and Defendant Burnett's motion to dismiss are intertwined. The Court will first address Plaintiff's motion to remand and then Defendant Burnett's motion to dismiss.

I. **The Court has jurisdiction to hear this case.**

Plaintiff argues this case should be remanded because "Defendant Burnett's counsel . . . filed a Motion to Dismiss alleging, in part, that she did not consent to the removal and further that the Eleventh Amendment precludes suits against states in the federal courts." Mot. to Remand at 2. Defendants argue that Defendant Burnett's Eleventh Amendment immunity argument does not

equate to lack of consent to removal in federal court. Sugg. in Opp'n. to Remand at 1, ECF No. 21. Plaintiff did not file a reply. The Court agrees with Defendants for several reasons.

First, Plaintiff's petition pleads a federal question since it alleges violations of multiple federal statutes. *See* 28 U.S.C. § 1331. Plaintiff herself even acquiesced that her claims were governed by federal law in her amended petition. *See* Am. Pet. at 3 ("Jurisdiction is conferred by 28 U.S.C., Sections 1331, 1343, and 1367 which provide for original jurisdiction of this Court in suits authorized by 42 U.S.C., Section 1983, 1981, and 1985 . . . ."); *see also id.* (admitting "[v]enue is proper in the United States District Court for the Western District of Missouri"). And the Court has supplemental jurisdiction over Plaintiff's state law claim because it involves the same case or controversy as her federal claims. *See* 28 U.S.C. § 1367(a).

Second, Defendant Burnett obviously consented to removal since she was the individual who filed for removal on behalf of all Defendants. And in her notice of removal, she stated that all Defendants consented to the removal. Thus, Plaintiff's argument fails, and her motion to remand is DENIED.

**II.     Defendant Burnett has judicial immunity from suit.**

This brings the Court to Defendant Burnett's motion to dismiss. In that motion, Defendant Burnett argues Plaintiff's claims against her are barred based on two separate forms of immunity: judicial immunity and the Eleventh Amendment prohibition on filing suit against states for money damages in federal court. Mot to Dismiss at 2. Plaintiff did not file a response but instead references this motion in her motion to remand. In doing so, Plaintiff woefully misrepresented the contents of Defendant Burnett's motion to dismiss, specifically the idea that she did not consent to removal.

As stated earlier, Judge Burnett never argued against removal. And even if the Court

5

Case 4:23-cv-00231-DGK   Document 26   Filed 06/09/23   Page 5 of 6

completely ignored her Eleventh Amendment immunity argument—which Plaintiff construes as Defendant Burnett arguing against removal—Defendant Burnett would still enjoy judicial immunity from suit. Plaintiff is suing Defendant Burnett in her official capacity for signing a search warrant granting officers permission to search her home. *See* Am. Pet. at 4, 19–21. Because Defendant Burnett signed the search warrant in her official capacity, she is entitled to judicial immunity. *Cf. Hamilton*, 948 F.3d at 926–27 (holding the issuance of an arrest warrant was a judicial act within a judge's jurisdiction and granting judicial immunity for such act).

On a related note, it appears Plaintiff acknowledges Defendant Burnett is immune from suit, which would make Plaintiff's claim against her frivolous.[4] Mot. to Remand at 2 (stating "*Defendant Judge Burnett has an absolute defense to the case* and the absolute defense in this matter is a result of a removal action which the Plaintiff did not participate in or even suggest to any party") (emphasis added). Thus, Defendant Burnett's motion to dismiss is GRANTED, and all claims against her are hereby dismissed.

## Conclusion

For the reasons stated above, Plaintiff's motion to remand is DENIED and Defendant Burnett's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Date:   June 9, 2023                                /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT

---

[4] Based on the frivolous nature of this claim, and Plaintiff counsel's representation that Defendant Burnett did not consent to removal, the Court will be filing a show cause order.