IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MONECIA SMITH, | ) |
| Plaintiff, | ) |
| | ) No. 4:23-cv-00231-DGK |
| vs. | ) |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, | ) |
| BOARD OF POLICE COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION TO FILE RESPONSE UNDER SEAL

On July 20, 2023, the Court ordered Plaintiff's Counsel Brian Klopfenstein to show cause by July 28, 2023, why he should not be sanctioned under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority for filing a frivolous claim against Defendant Judge Margene Burnett and misrepresenting to the Court that she did not consent to removal. *Show Cause Order*, ECF No. 35. On July 28, 2023, Mr. Klopfenstein filed a redacted version of his response. ECF No. 42. Now before the Court is Mr. Klopfenstein's motion to file his response to the show cause order under seal.[1] ECF No. 43. Although not explicitly stated, the Court presumes he is requesting to file the unredacted version under seal.

There is a common law presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). This presumption may be overcome only by showing a compelling need to seal documents, such as if the court's files "have become a vehicle for improper purposes," or if the documents in question reveal trade secrets or could compromise someone's personal safety.

---

[1] Mr. Klopfenstein filed this motion under seal without leave of court. The Court will be unsealing the motion.

*Nixon*, 435 U.S. at 598; *see, e.g.*, *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–24 (8th Cir. 2013) (finding a company's "confidential and competitively sensitive information" warranted sealing the complaint); *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (recognizing the protection of a confidential informant as a compelling government interest justifying the reception of evidence under seal). Ultimately, in determining whether to seal documents, the Court must balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

Mr. Klopfenstein has failed to rebut the presumption in favor of openness here. He wants to seal his response because it "*may* reveal trial strategy or other thoughts which should not be shared with the opposing side," and he "is concerned that the opposing side *may* be able to use [the] information." Mot. at 1 (emphasis added). For starters, it is unclear what information he wants to keep from Defendants. The motion is vague, and the Court was not given an unredacted version of his response. Additionally, the motion fails to cite controlling caselaw outlining the Court's authority to seal such a response. *See* Local Rule 7.0(a) (requiring written motions to contain "relevant facts and applicable law"). And lastly, given the limited nature of the Show Cause Order, the Court fails to see why he needs to include trial strategies and sensitive thoughts in his response or how that information would advantage Defendants at this point given the Court already dismissed Defendant Burnett and denied Plaintiff's motion to remand.

Thus, the motion is DENIED. Mr. Klopfenstein shall file the unredacted version of his response on or before August 3, 2023. No additional extensions will be granted.

IT IS SO ORDERED.

Date: August 1, 2023  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT