IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MONECIA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:23-cv-00231-DGK |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| BOARD OF POLICE COMMISSIONERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER REMANDING TO STATE COURT

This is a civil rights case brought by Plaintiff Monecia Smith against the Kansas City, Missouri, Board of Police Commissioners, through its members (the "Board"); current Police Chief Stacey Graves; Major Kari Thompson; Detective Hobart Price; Chaquita Byrd; and Truman Medical Center, Inc. ("TMC") (collectively, "Defendants").[1]

Now before the Court are separate Defendants Board, Chief Graves, and Major Thompson's motion to dismiss for failure to state a claim (ECF No. 5); separate Defendants Byrd and TMC's motion to dismiss for failure to state a claim (ECF Nos. 23, 24); and all Defendants' motion to dismiss for lack of standing (ECF No. 12).

For the following reasons, all Defendants' motion to dismiss for lack of standing (ECF No. 12) is GRANTED IN PART. Because Plaintiff lacks standing to bring the federal claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the case

---

[1] Plaintiff's Amended Complaint also named former Police Chief Rick Smith as a defendant, but pursuant to Federal Rule of Civil Procedure 25(d), current Police Chief Stacey Graves is substituted in his place.

is REMANDED back to the Circuit Court of Jackson County, Missouri.[2]  The other motions to dismiss (ECF Nos. 5, 23, 24) are DENIED AS MOOT.

## Standard

"It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007).  Where "a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (quotation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Background

On January 10, 2023, Plaintiff filed a pro se Complaint against Defendants in the Circuit Court of Jackson County, Missouri.  Plaintiff subsequently retained counsel and filed the Amended Complaint in state court on March 1, 2023, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§ 1981, 1983, 1985; and Article 1, Section 15 of the Missouri Constitution.  Two separate events give rise to Plaintiff's claims: (1) officers executed a search warrant of Plaintiff's residence on or about January 13, 2020 (the "2020 claims"); and (2) officers and a social worker conducted a welfare check on Plaintiff on January 13, 2022 (the "2022 claims").

On April 7, 2023, Defendant Burnett (who has since been dismissed on the basis of judicial immunity) removed to this Court with the consent of all Defendants.  ECF No. 1.  On April 12, 2023, Plaintiff filed a motion to remand back to state court arguing, in part, Defendant Burnett did

---

[2] Defendants argue Plaintiff's lack of standing requires dismissal, but since this case was removed from state court originally, remand is appropriate.  *See* 28 U.S.C. § 1447(c)).  Of course, the state court may also find Plaintiff lacks standing to bring these claims in state court, but that is for the state court to decide.

not consent to removal.[3] ECF No. 10. The Court denied Plaintiff's motion, finding it had jurisdiction to hear this case. ECF No. 26. Since then, it has come to light that Plaintiff filed a pro se Chapter 7 bankruptcy petition on October 30, 2020, after her 2020 claims accrued. *See* Pl.'s Bankruptcy Case, No. 20-41898-btf7 (W.D. Mo.). This changes the jurisdictional analysis.

## Discussion

### I. Plaintiff does not have standing to bring her 2020 claims.

Defendants argue Plaintiff lacks standing to bring this lawsuit because she failed to disclose her claims to the trustee of her bankruptcy estate (the "Trustee"). The Court holds Plaintiff lacks prudential standing with regard to Plaintiff's 2020 claims.

The question of standing concerns "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has articulated several requirements for standing, some of which are constitutional—derived from the Court's interpretation of Article III—and some of which are prudential—derived from the need for prudent judicial administration. *See* Erwin Chemerinsky, *Federal Jurisdiction*, § 2.3.1 at 58–59 (8th ed. 2021). Put simply, the constitutional limitations require a plaintiff to show (1) injury in fact; (2) causation; and (3) redressability. *See Schaefer v. First Source Advantage, LLC*, No. 12-CV-311 CAS, 2013 WL 509001, at *4 (E.D. Mo. Feb. 12, 2013). The prudential limitations include, amongst others, that a party may only assert its own rights. *See id.*; *see also* Chemerinsky, *supra*, at 91–99. Stated differently, "[a] plaintiff may . . . run afoul of prudential standing limits because the claim rests on the legal rights of third-parties," *Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth.*, 342 F.3d 871, 880 (8th Cir. 2003), as can happen

---

[3] Based on Plaintiff's misrepresentation that Defendant Burnett did not consent to removal and the fact she obviously had judicial immunity from suit, the Court ordered Plaintiff's Counsel to show cause why sanctions should not be issued. ECF No. 35. Plaintiff's Counsel has since filed a response, which the Court will address in a separate order.

3

when a plaintiff files for bankruptcy.

As other courts in this circuit have explained in more detail, under federal bankruptcy law, "all causes of action that the debtor could have brought at the time of the bankruptcy petition" become part of the bankruptcy estate. *Schaefer*, 2013 WL 509001, at *4 (quoting *United States ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001)); *see* 11 U.S.C. § 541(a)(1). Once a bankruptcy trustee is appointed, "a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Schaefer*, 2013 WL 509001, at *4 (quoting *Harris v. St. Louis Univ.*, 114 B.R. 647, 648 (E.D. Mo. 1990)). "The debtor regains standing to pursue a cause of action, however, if the cause of action is abandoned by the trustee." *Bledsoe v. Midland Funding, LLC*, No. 19-CV-02779-JAR, 2021 WL 694825, at *3 (E.D. Mo. Feb. 23, 2021) (citing 11 U.S.C. § 554). "The party seeking to demonstrate abandonment bears the burden of persuasion." *Id.*

Here, Plaintiff filed a pro se petition for Chapter 7 bankruptcy on October 30, 2020, after her 2020 claims had accrued. Plaintiff concedes she did not disclose her 2020 claims to the Trustee before her bankruptcy case was closed on December 13, 2021. Thus, the Trustee was the real party in interest and had exclusive standing to brings Plaintiff's 2020 claims against Defendants. After Defendants raised this issue, Plaintiff requested an extension of time to reopen her bankruptcy case to clarify the 2020 claims still belonged to her. The Court granted the request, and her bankruptcy case was re-opened from June 16, 2023, to September 26, 2023. But Plaintiff never informed the Court thereafter whether the Trustee successfully abandoned her claims during that time. *See Bledsoe*, 2021 WL 694825, at *3. And a review of the bankruptcy docket does not provide clarity. While the Court can think of arguments Plaintiff might make to suggest the

Trustee abandoned her claims, it is not going to make Plaintiff's arguments for her or perform the supporting legal research. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("[I]t is not this court's job to research the law to support an appellant's argument." (quotation omitted)).

Since neither party has established the Court has jurisdiction to hear Plaintiff's 2020 claims, the Court finds it lacks subject matter jurisdiction over them and remands them to state court. This leaves only those causes of action arising from Plaintiff's 2022 claims.

**II.     The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.**

After combing through Plaintiff's confusing Amended Complaint, it appears that only Counts V and VI for abuse of process arise from Plaintiff's 2022 claims. As Plaintiff acknowledges, these are state law claims. *See* Pl.'s Resp. at 4–5, ECF No. 48 (stating the elements for abuse of process "[u]nder Missouri law" and citing only Missouri state court cases in support). Under 28 U.S.C. § 1367(c)(3), the Court can decline to exercise supplemental jurisdiction over remaining claims where it "has dismissed all claims over which it has original jurisdiction[.]" *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remands them to the state court.

**Conclusion**

For the aforementioned reasons, the Clerk of the Court shall remand this case in its entirety back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:  January 29, 2024                           /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT